Filed 2/29/24  George v. Ingram Micro Services CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| KIERRAH GEORGE,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>INGRAM MICRO SERVICES, LLC,<br><br>Defendant and Respondent. | D082205<br><br><br><br>(Super. Ct. No. RIC1903685) |

APPEAL from a judgment of the Superior Court of Riverside County, Carol A. Greene, Judge.  Affirmed.

Irving Meyer, for Plaintiff and Appellant.

Allen Matkins Leck Gamble Mallory & Natsis and Baldwin J. Lee, Alexander Nestor and Laila Rashid for Defendant and Respondent.

Kierrah George appeals a jury's special verdict in favor of defendant and respondent Ingram Micro Services (Ingram Micro) on her employment law claims.  She contends the court instructed the jury with a special instruction that misstated the law, and compounded that error by referring the jury to that instruction in response to a jury question.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

George disclaims a substantial evidence challenge; accordingly, we need only summarize some of the underlying facts for context.

The record does not include a copy of George's complaint, but we glean from the special verdict form that she sued Ingram Micro claiming: (1) disability discrimination; (2) failure to prevent discrimination; (3) retaliation; (4) failure to provide a reasonable accommodation; (5) failure to engage in interactive process; and (6) wrongful termination in violation of public policy.

The parties stipulated to the following facts at trial: In July 2012, Ingram Micro hired George. She went on leaves of absence from June 26, 2013, to July 22, 2013; from September 5, 2013, until about October 27, 2014; from September 12, 2017, until May 3, 2018; and from May 7, 2018, until her termination on May 10, 2019.

The court read to the jury special instruction No. 36, which states: "When the employee cannot presently perform the essential functions of her position, or otherwise needs time away from work for treatment and recovery, a reasonable accommodation may include holding a job open for an employee on a leave of absence or extending a leave if the leave is likely to be effective in allowing the employee to return to work at the end of the leave, with or without further reasonable accommodation. [¶] An employer, however, is not required to provide an indefinite leave of absence as a reasonable accommodation."

In a proceeding outside of the jury's presence before the court instructed the jury, Ingram Micro's counsel argued in favor of instruction No. 36: "I think the evidence that's come in thus far more than justifies this instruction in the sense that we have all the work status reports that indicate that [George] was released and returned to work, according to the reports,

2

but actually was unable to return to work; that there were conversations that [Ingram Micro's human resources representative] had with [ ] George in the last few weeks before her employment ended where she asked [ ] George whether she was able to return to work, whether she could contact her doctor, and the response always was she doesn't know. She doesn't want to contact her doctor. She doesn't know when and how she'll be able to return to work. [¶] So I think that the evidence certainly supports the indefinite leave is not a reasonable accommodation instruction."

George's counsel objected to instruction No. 36 on grounds that it lacked a provision stating that Ingram Micro had terminated George due to an undue hardship.

The court overruled George's objection: "The problem is that the reasonable accommodation does not depend solely on undue hardship because—the word 'reasonable' is in there for a reason, and the [California Code of Regulations], as well as case law, has basically said that an indefinite leave of absence is not reasonable. That you keep—you don't have someone out on your books for years and years and just say, 'Well, they got a disability so I can't separate them from employment.'"

During its deliberations, the jury asked the court, "Can an employee be terminated if they are considered fully disabled at the time of termination?" The court replied, "Yes, please refer to jury instruction [No.] 36." (Some capitalization omitted.)

There is no record of the discussion between the parties regarding the court's decision to provide that reply to the jury. The court reporter

3

submitted a declaration stating that no discussion of it was held on the record.[1]

On the special verdict form, the jury was asked whether George proved by a preponderance of the evidence the following facts: (1) "as of May 10, 2019, she was able to perform the essential functions of her logistics associate position with or without a reasonable accommodation" (some capitalization omitted); (2) "a substantial motivating reason for Ingram [Micro]'s decision to terminate her employment was retaliation for her taking disability leaves that began on September 12, 2017, and ended on May 3, 2018[,] and began on May 7, 2018[,] and ended on May 10, 2019"; (3) George "was able to perform the essential functions of her . . . position with reasonable accommodation for her physical disability"; and (4) Ingram Micro "failed to participate in a

---

[1] George's counsel has requested that under California Rules of Court, rule 8.155(a)(1), we take judicial notice of a separate supporting declaration he submits in this court, in which he states: "When the trial court received an inquiry from the jury, and the trial court formulated its response . . . I objected to the trial court's response saying that 'the response was not a correct statement of the law.' The trial court overruled my objection and gave the instruction as stated in the jury request or question." (Some capitalization omitted.) Ingram Micro objects to this request, arguing counsel's declaration is inadmissible under California Rules of Court, rule 8.155(a)(1), which by its terms permits this court to order the record augmented with only any "document filed or lodged in the case in the superior court." Applying the precise terms of this rule, we decline to grant George's request for judicial notice of this declaration, which was not considered by the trial court. (*In re the Marriage of Forrest and Eaddy* (2006) 144 Cal.App.4th 1202, 1209 ["the record cannot be 'augmented' with material that was not before the trial court"]; but see Code Civ. Proc., § 909.) Also, counsel's request seems akin to a request that we take new evidence, which this court usually does not do. (See *Hill v. San Jose Family Housing Partners, LLC* (2011) 198 Cal.App.4th 764, 770 [court's authority to make findings of fact on appeal "should be exercised sparingly" and in "*exceptional circumstances*"].)

timely good faith interactive process with her to determine whether reasonable accommodation for her physical disability could be made." The jury answered "no" to all of them.

DISCUSSION

George seeks a new trial, arguing the court erroneously instructed the jury with instruction No. 36 because the jury's question used the term, "fully disabled," which has no legal meaning. She claims the instruction and the court's response to the jury's question "gave the jury the false impression that [she] was in fact 'fully disabled,' prejudicing [the jury] toward a verdict for the defense." George contends that even if she were "fully disabled" at the time of the termination, "it doesn't mean she could not work with an accommodation despite being fully disabled or placed on an additional leave of absence. [¶] What's more relevant is whether the employee can work with an accommodation, which [she] could have, according to her doctor's work status report." (Some capitalization omitted.)

Ingram Micro contends the court properly instructed the jury and answered its question by pointing to instruction No. 36, which was a correct statement of the law. It further maintains George has not established reversible error.[2] It also argues George failed to meet her burden of providing an adequate record for us to assess her instructional error claim.

---

[2]      Ingram Micro explains that instruction No. 36 "closely tracks the language of [California Code of Regulations, title 2, section 11068, subdivision (c)]," which deals with paid or unpaid leaves of absence as a reasonable accommodation that an employer may make for an employee's disability. It provides: "When the employee cannot presently perform the essential functions of the job, or otherwise needs time away from the job for treatment and recovery, holding a job open for an employee on a leave of absence or extending a leave provided by [law], or an employer's leave plan may be a reasonable accommodation provided that the leave is likely to be effective in allowing the employee to return to work at the end of the leave,

5

On appeal, we review the propriety of the jury instructions de novo. (*Cristler v. Express Messenger Systems, Inc.* (2009) 171 Cal.App.4th 72, 82.) In considering the accuracy or completeness of a jury instruction, we evaluate it in the context of all of the court's instructions. (*Ibid*.) We will not reverse a civil judgment, even where instructional error is shown, unless, after examining the entire record, we conclude the error complained of resulted in a miscarriage of justice. (*Soule v. General Motors Corp.* (1994) 8 Cal.4th 548, 580-581 (*Soule*).) "Instructional error in a civil case is prejudicial 'where it seems probable' that the error 'prejudicially affected the verdict.' " (*Id.* at p. 580.) "Thus, when deciding whether an error of instructional omission was prejudicial, the court must also evaluate (1) the state of the evidence, (2) the effect of other instructions, (3) the effect of counsel's arguments, and (4) any indications by the jury itself that it was misled." (*Id.* at pp. 580-581.)

George first argues that the trial court erred by giving the last sentence of special instruction No. 36 on reasonable accommodations. The immediately preceding sentence of this instruction stated that "a reasonable accommodation may include holding a job open for an employee on a leave of absence or extending a leave if the leave is likely to be effective in allowing the employee to return to work at the end of the leave, with or without further reasonable accommodation." The final sentence challenged by George stated: "An employer, however, is not required to provide an indefinite leave of absence as a reasonable accommodation."

---

with or without further reasonable accommodation, and does not create an undue hardship for the employer. When an employee can work with a reasonable accommodation other than a leave of absence, an employer may not require that the employee take a leave of absence. An employer, however, is not required to provide an indefinite leave of absence as a reasonable accommodation." (Cal. Code Regs., tit. 2, § 11068, subd. (c).)

6

This final sentence was a correct statement of the law. (Cal. Code Regs., tit. 2, § 11068, subd. (c) ["An employer . . . is not required to provide an indefinite leave of absence as a reasonable accommodation"]; see also *Nealy v. City of Santa Monica* (2015) 234 Cal.App.4th 359, 377-378 ["A finite leave of absence may be a reasonable accommodation to allow an employee time to recover, but FEHA does not require the employer to provide an indefinite leave of absence to await possible future vacancies"]; accord, *Atkins v. City of Los Angeles* (2017) 8 Cal.App.5th 696, 721-722 (*Atkins*).)

George contends that this sentence incorrectly stated the law because it omitted any reference to the employer's burden of demonstrating that an indefinite leave would impose an "undue hardship." However, Ingram Micro did not assert an undue hardship defense, and there is no indication in the record suggesting that the jury was instructed on it.[3] Government Code section 12940, subdivision (m)(1) "places the burden of demonstrating undue hardship on the employer." (*Atkins*, *supra*, 8 Cal.App.5th at p. 733.) The first sentence of the statute provides that it is unlawful for an employer to "fail to make a reasonable accommodation" for a disabled employee, then the second sentence states: "Nothing in this subdivision . . . shall be construed to require an accommodation that is *demonstrated by the employer* or other covered entity to produce an undue hardship, as defined in subdivision (u) of Section 12926, to its operation." (Gov. Code, § 12940, subd. (m)(1), italics added.)

George herself concedes that Ingram Micro "never presented any evidence that providing an accommodation to [her] would be an undue hardship." As a result, it would have been error to instruct the jury on this

---

[3] The court reporter did not report the jury instructions when the court read them to the jury and the written packet of instructions is not included in the clerk's transcript.

7

theory.  (See *People v. Medina* (2019) 33 Cal.App.5th 146, 154 [error to instruct on theory unsupported by the evidence].)

Under the FEHA, an employer may choose to argue that an accommodation is unreasonable without claiming undue hardship.  In *Raine v. City of Burbank* (2006) 135 Cal.App.4th 1215, for example, the plaintiff argued that his disability should have been accommodated by converting his temporary assignment into a permanent position, and he claimed that his employer had failed to meet its burden of demonstrating that such an accommodation would pose an undue hardship.  (*Id.* at pp. 1226-1227.)  The Court of Appeal rejected this argument as follows:  "The question presented . . . is not whether assigning Raine to the front desk on a permanent basis imposes an undue hardship, but whether the accommodation requested is reasonable and thus required in the first place.  (See [Gov. Code,] § 12940, subd. (m) [reasonable accommodation required unless the accommodation, even if reasonable, imposes undue hardship].)"  (*Id.* at p. 1227.)  Because the requested accommodation was unreasonable as a matter of law, the Court of Appeal affirmed a defense judgment despite the absence of any claim of undue hardship.

Here as well, Ingram Micro was entitled to argue that it provided reasonable accommodations to George by granting her multiple leaves of absence, and that granting another leave for an indefinite period was not a reasonable accommodation, even absent any claim of undue hardship.  As the trial court correctly ruled in giving special instruction No. 36 over George's objection, "the accommodation doesn't have to be an undue hardship to the employer to be unreasonable."  For these reasons, the court committed no error by giving special instruction No. 36 without any reference to undue hardship.

8

George also argues that the trial court erred in its answer to the jury's question: "Can an employee be terminated if they are considered fully disabled at the time of termination?" The court responded: "Yes, please refer to jury instruction [No.] 36." George maintains that this response was incorrect because there was no evidence she was fully disabled, the term "fully disabled" has no legal meaning, and the court's answer gave the jury the impression that she was fully disabled and therefore could be terminated even if she could have worked with a reasonable accommodation. George is correct that there is no way of knowing what exactly the jury meant by "fully disabled." For example, the jury could have meant that she was incapable of returning to work indefinitely. But whatever the jury meant, the court's answer did not state or imply that she was in fact fully disabled. The jury asked whether an employee could be terminated "if" she was fully disabled. The court's initial "yes" answer did not in any way suggest that George was fully disabled; it merely indicated that a fully disabled employee can lawfully be terminated, then the court qualified the answer by referring the jury back to special instruction No. 36 on reasonable accommodations. Construing the court's answer together with the previously given special instruction No. 36, it correctly informed the jury that a fully disabled employee may be terminated if there is no reasonable accommodation for the disability.

## DISPOSITION

The judgment is affirmed.

O'ROURKE, Acting P. J.

WE CONCUR:

IRION, J.

BUCHANAN, J.